IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDRE R. KABIR,

    Plaintiffs,

v.

JOHN E. POTTER,
POSTMASTER GENERAL AND
THE UNITED STATES POSTAL SERVICE

    Defendant.

CASE NO. C2-09-1061
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE E. A. PRESTON DEAVERS

## OPINION AND ORDER

The Defendants, the Postmaster General and the United States Postal Service, move for partial dismissal of the Amended Complaint (Doc. 28). For the reasons that follow, the motion is GRANTED.

I.

The Plaintiff, Andre R. Kabir, was granted leave to file an Amended Complaint by Order issued August 12, 2010. The Plaintiff has attached to his Amended Complaint as exhibits two decisions issued by the Equal Employment Opportunity Commission ("EEOC"), the first issued March 31, 2010 and the second on April 8, 2010. Both decisions were issued after this lawsuit was filed and both denied relief to the Plaintiff. The relief sought in the Amended Complaint includes, among other allegations, charges addressed in the EEOC decisions.

The Defendants' Motion for Partial Dismissal of the Amended Complaint is based upon the contention that the Plaintiff is raising issues which were not within the charges

originally brought before the EEOC or, alternatively, were brought beyond the ninety-day period required by 42 U.S.C. § 2000e–16(c).

Plaintiff's Amended Complaint explicitly references Title VII, 42 U.S.C. § 2000e, *et. seq.* and the Americans with Disabilities Act. Under both of these statutes, a plaintiff must first timely commence a proceeding before the EEOC, and the EEOC must take some action, before a case may be properly lodged in a district court. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1979).

In the first of the two decisions of the EEOC, dated March 31, 2010, the EEOC concluded that the Plaintiff was not discriminated against based upon his race or sex when he was reassigned from Automation Operations to Dock Operations. Agency No. 1C-431-0032-06. In the second decision, the EEOC determined that the Defendant did not retaliate against the Plaintiff for engaging in protected activity, specifically filing a complaint for discrimination, when he was not selected for the position of District Complement Coordinator. Agency No. 1C-431-0009-08.

The Plaintiff has timely appealed from the EEOC each of these decisions by way of his Amended Complaint. These two decisions were issued after the original Complaint was filed in this case. The original Complaint also alleged that the Plaintiff was the victim of unlawful discrimination as to his discharge of June 7, 2008. The Plaintiff filed an appeal of the discharge with the Merit Systems Protection Board ("MSPB"), which affirmed the action. Plaintiff also filed a charge with the EEOC alleging racial and disability discrimination, as well as retaliation in Case No. 1C-431-0044-06. The EEOC determined that charges were without merit. Kabir has timely sought review in this Court.

The Court agrees with the Defendant and finds that, as to matters all within the

2

jurisdiction of the EEOC, the Plaintiff has timely asserted three claims properly before this Court, which include and are limited to:

> (1) Whether the Agency's decision to reassign Plaintiff from the Automated Package Parcel Sorter (APPS) Operation to the Dock Operation on or about April 15, 2006 constituted either race or gender discrimination, in violation of Title VII;
>
> (2) Whether the Agency, acting through the Manager, Human Resources for the Agency's Chicago District, discriminated against him in retaliation for his prior EEO activity, in violation of Title VII, when on December 17, 2007 she informed him that he had not been selected for the position of District Complement Coordinator, EAS-21; and
>
> (3) Whether the Agency's decision to terminate Plaintiff that took effect on or about June 7, 2008 constituted either race or reprisal discrimination, in violation of Title VII, or disability discrimination, in violation of the Rehabilitation Act.

No other claims, required to be administratively exhausted before the EEOC, are properly before this Court.

In addition, the Defendants move for dismissal of Plaintiff's claim under the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 654. This statute contains an extensive administrative process regarding alleged violations of workplace safety regulations. The statute contains no language creating a private right of action. *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 478 (6th Cir. 1995). This claim is DISMISSED.

The Defendants seek dismissal of all other claims asserted in the Amended Complaint. Those include involuntary reassignment, violations of the Americans with Disabilities Act and the Rehabilitation Act, and other acts of alleged discrimination set forth in the Amended Complaint.

The Court finds that the Motion for Partial Dismissal of the claims is well taken. The three issues described above are the only matters properly before the Court, as having been timely pursued through the mandatory administrative process. All other issues, as independent claims, have not been administratively reviewed and are now time barred.

The Court does note that some allegations of the Amended Complaint which are unexhausted and now time barred could conceivably constitute evidence of discrimination, although the current record is insufficient for any specific findings. Suffice it to say that evidence of discrimination may consist of acts which are probative of an employer's motives without such evidence constituting independent claims of discrimination.

III.

Based upon the foregoing, the Defendants' Motion for Partial Dismissal is **GRANTED**.

**IT IS SO ORDERED.**

8-29-2011
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**