UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDRE R. KABIR,**

      **Plaintiff,**

                                        **Civil Action 2:09-cv-01061**
v.                                 **Judge Edmund A. Sargus**
                                        **Magistrate Judge E.A. Preston Deavers**

**POSTMASTER GENERAL UNITED
STATES POSTAL SERVICE,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Complaint and Supplemental and/or Amended Complaints. (ECF No. 47.) For the reasons that follow, Defendant's Motion is **DENIED**. In lieu of striking Plaintiff's Complaints, the Court **DIRECTS** Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), consistent with the instructions below.

In addition to his original Complaint, Plaintiff has filed three Amended Complaints in this action. (ECF Nos. 3, 22-1, 22-2, 27.) Plaintiff's pleadings total over one-hundred pages. Although it is not entirely clear from the Complaints, it appears Plaintiff wishes the Court to consider these Complaints cumulatively. While portions of these Complaints consist of factual assertions, other portions consist of case citations and general legal assertions.

On August 29, 2011, the Court granted Defendant's Motion for Partial Dismissal. Pursuant to the Court's Opinion and Order, Plaintiff's action was limited to the following claims:

    (1)    Whether the Agency's decision to reassign Plaintiff from the Automated Package Parcel Sorter (APPS) Operation to the Dock Operation on or about April 15, 2006 constituted either race or gender discrimination, in violation

>       of Title VII;
>
> (2)   Whether the Agency, acting through the Manager, Human resources for the Agency's Chicago District, discriminated against him in retaliation for his prior EEO activity, in violation of Title VII, when on December 17, 2007 she informed him that he had not been selected for the position of District Complement Coordinator, EAS- 21; and
>
> (3)   Whether the Agency's decision to terminate Plaintiff that took effect on or about June 7, 2008 constituted either race or reprisal discrimination, in violation of Title VII, or disability discrimination, in violation of the Rehabilitation Act.

(Opinion & Order 3, ECF No. 46.) The Court also noted "some allegations of the Amended Complaint which are unexhausted and not time barred could conceivably constitute evidence of discrimination, although the current record is insufficient for any specific findings." (*Id.* at 4.)

In light of this Court's Opinion and Order, Defendant has moved to strike Plaintiff's Complaints pursuant to Federal Rule of Civil Procedure 12(f). Defendant specifically maintains that Plaintiff's pleadings fail to state a simple and concise claims as required under Federal Rule of Civil Procedure 8. Defendant maintains that they are unable to reconcile Plaintiff's various Complaints with the Courts August 29, 2011 Opinion and Order, and formulate an appropriate responsive pleading. Accordingly, Defendant requests that the Court strike Plaintiff's Complaint from the record and grant Plaintiff leave to file an amended complaint that conforms with the Court's Opinion and Order. Defendant asserts that the Court should strike the pleadings in their entirety, implying that it would be unduly burdensome for him—and the Court—to sort out and eliminate only the offending portions.

Plaintiff submitted a response to Defendant's Motion to Strike. He appears to challenge Defendant's representation that responding to his Complaint would be burdensome. Although Plaintiff maintains that he is opposing the Motion to Strike, he suggests that he is willing to

2

streamline his pleadings in light of the Court's August 29, 2011 Opinion and Order.

Pursuant to Federal Rule of Civil Procedure 8(a)(2) a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Under Rule 12(f) the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." " Fed. R. Civ. P. 12(f). The decision whether to strike is within the Court's discretion, but motions to strike are generally disfavored. *New Day Farms, LLC v. Bd. of Trs. of York Tp., Ohio*, No. 2:08-cv-1107, 2009 WL 1652126, at *3 (S.D. Ohio June 10, 2009).

Although not explicitly addressed within the pertinent Motion, Rule 12(e) also provides the Court with a mechanism for clarifying pleadings. Pursuant to Rule 12(e), the Court may Order a party to file "a more definite statement of a pleading" when the pleading is so ambiguous "that the [opposing] party cannot reasonably prepare a response."[1] Although such a course of action is also generally disfavored, the Court may order a more definite statement when a complaint lacks clarity to the extent that it would be prejudicial to require the defendant to formulate an answer. *See Danow v. Borack*, 197 F. App'x 853, 855–56 (11th Cir. 2006) (indicating that the Court should require a more definite statement when a complaint lacks "sufficient clarity to enable the defendant to frame a responsive pleading") ; *Oliver v. St. Luke's Dialysis*, LLC, No. 1:10–CV–2667, 2011 WL 1326251, at *2 (N.D. Ohio Apr. 5, 2011) ("Rule 12(e) provides defendants with a remedy for inadequate complaints that, by failing to meet the minimum pleading standards of Rule 8, would seriously prejudice the defendants in their attempt

---

[1] The Court may *sua sponte* order a more definite statement under Rule 12(e). *Maybin v. Booker*, No. 09-13755, 2011 WL 161888, (E.D. Mich Jan 19, 2011).

to answer.").

Under the circumstances of this case, the Court will require Plaintiff to form a more definite statement of his pleadings. Because of their voluminous nature and confusing structure, the Court finds that Plaintiff's Complaints, in their current form, lack clarity. Consequently, Defendant would face a burden if the Court forced him to respond to Plaintiff's pleadings in their current form. Furthermore, the Court emphasizes that, based on Plaintiff's responsive briefing, he appears willing to attempt to streamline his Complaints. Although Defendant requests that the Court strike Plaintiff's Complaints in their entirety, such a course of action is unnecessary at this time. Although the practical difference may be slight, the Court finds that requiring Plaintiff to file a more definite statement is a less extreme option than striking all of his Complaints in their entirety.

Accordingly, Plaintiff is **DIRECTED** to file a more definite statement of his pleadings **WITHIN TWENTY-ONE (21) DAYS** of the date of this Opinion and Order. Specifically, Plaintiff must file a "Consolidated Amended Complaint." Within this Complaint, Plaintiff should state the factual allegations that support his remaining claims detailed in the Court's August 29, 2011 Opinion and Order.[2] The Clerk is **DIRECTED** to mail Plaintiff a courtesy copy of that Opinion and Order.

Plaintiff's Consolidated Amended Complaint should contain numbered paragraphs as required under Rule 10(b). Plaintiff's allegations should be simple, concise, and direct as

---

[2] Plaintiff should not include any factual allegations that go to claims that the Court has dismissed. He must set forth facts related to the claims that are set out on pages 1–2 of this Opinion and Order. Additionally, Plaintiff should refrain from citing case law within his Consolidated Amended Complaint. Plaintiff may reference his Equal Employment Opportunity Commission actions to the extent they are relevant to the remaining claims.

required under Rule 8(d). Nevertheless, Plaintiff must plead sufficient factual detail to state facially plausible claims for relief. *See Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). Plaintiff is cautioned that failure to file the Consolidated Amended Complaint may result in dismissal of his claims. Additionally, Plaintiff should not expect any further opportunities to amend his pleadings.

In light of the above, Defendant's Motion to Strike is **DENIED**. Defendant should respond to the Consolidated Amended Complaint within the time outlined under the Federal Rules of Civil Procedure. Once Plaintiff has filed the Consolidated Amended Complaint, and Defendant has had sufficient time to respond, the Court will address the schedule for the remainder of this case. Because this action is nearly two-years old, the parties should expect an aggressive schedule.

    **IT IS SO ORDERED.**

Date: October 3, 2011                                      /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge